USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
NATIONAL LABOR RELATIONS BOARD,   :
                                :
             Applicant,   :
                          :   No. 15 Misc. 233 (JFK)
  -against-                       :
                          :   **OPINION & ORDER**
NEW YORK PARTY SHUTTLE, LLC,      :
                          :
            Respondent.  :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Respondent New York Party Shuttle, LLC's ("NYPS") motion seeking reconsideration of the Court's August 27, 2015 order, as well as Applicant the National Labor Relations Board's ("the Board") motion for entry of a proposed protective order. Upon review, NYPS' motion for reconsideration is denied, and the Board's motion for entry of a protective order is granted.

    The Board brought this action seeking judicial enforcement of a subpoena duces tecum issued to NYPS. In an August 27, 2015 order (ECF No. 14), the Court granted the Board's application for enforcement and directed NYPS to comply with the subpoena. In so doing, the Court found that the subpoena was properly issued as it relates to a matter under investigation by the Board and is relevant to determining the derivative liability of entities that may be associated with NYPS. (Id. at 1-2.) NYPS now moves for reconsideration of that decision.

Reconsideration may be appropriate where "the moving party can point to controlling decisions or data that . . . might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Where no such controlling decisions or data exist, or where the court has considered and rejected the movant's position, reconsideration should not be granted. E.g., Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008).

Here, NYPS points to no new facts or controlling precedent that might reasonably change the Court's conclusion. Rather, NYPS' arguments merely restate its contention that the Board lacks a proper purpose for requesting the information sought by the subpoena. Having already considered and rejected that argument, the Court finds no basis to reconsider its decision. See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (recognizing that reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

Turning to the Board's proposed protective order, the Court finds that the Board's proposed language is appropriate and that NYPS' proposed modifications are unwarranted. While consenting

to most of the Board's proposed order, NYPS seeks the addition of a provision that would delay its response to the subpoena until "14 days from any non-appealable decision of any appeals of the underlying [order] dated August 27, 2015." (ECF No. 18 at 2.)  Thus, in effect, NYPS seeks a stay of the Court's August 27, 2015 order pending appeal.

In evaluating whether a stay is warranted, the court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether he will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009).  The party seeking the stay bears the burden of showing that the balance of these factors weighs in favor of granting the stay. Natural Res. Def. Council, Inc., v. U.S. Food & Drug Admin., 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012).

Here, NYPS has failed to demonstrate that a stay is appropriate.  First, for the reasons discussed above in addressing NYPS' motion for reconsideration, NYPS' appeal is not likely to succeed on the merits.  Second, NYPS has not demonstrated that it will suffer any irreparable injury absent a stay.  Although NYPS vaguely references the potential for harm "to the derivative entities if they are forced to produce

3

private information" (ECF No. 18 at 3), NYPS fails to explain how the potential for any such harm is left unaddressed by the proposed protective order.  Lastly, the Court finds that any further delay pending an appeal would unduly impair the Board's investigation and run contrary to the public interest.  The Board's subpoena was issued over seven months ago, and NYPS has failed to demonstrate that any additional delay of its compliance is warranted.

For the reasons stated above, NYPS' motion for reconsideration is denied, and the Board's motion for entry of a protective order is granted.  Accordingly, the Court will file an order consistent with the terms proposed by the Board.

**SO ORDERED.**

Dated:   New York, New York
         November 12, 2015

                                    _____
                                         JOHN F. KEENAN
                                    United States District Judge
                                           Part I